UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   vs.<br><br>JOHN JACOB SCHEEL,<br><br>           Defendant. | No. CR-03-00095-JLQ<br>Ninth Cir. NO. 03-30460<br><br>MEMORANDUM OPINION ON<br>*AMELINE* REMAND |

On September 22, 2005, the United States Court of Appeals for the Ninth Circuit entered a Memorandum opinion remanding this matter to this court to proceed pursuant to *United States v. Ameline*, 409 F. 3d 1073, 1084 (9th Cir. 2004) (en banc) and *United States v. Moreno-Hernandez*, 2005 WL 1964483 at*8 (9th Cir. Aug. 17, 2005). Thereafter, the court appointed counsel for the Defendant to address the remanded issue and on October 3, 2005 entered its Briefing Schedule On Remand. Counsel for the Defendant and counsel for the Government have filed their briefs on the remanded issue, that being whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory.

In the Defendant's Opening Brief the Defendant primarily argued that in making its factual determinations as to the final Offense Level, this court did not "indicate that the Guidelines need not be applied." The Defendant was sentenced prior to the decision of the United States Supreme Court in *United States v. Booker*, 125 S. Ct. 738 (2004). At the time of the Defendant's sentencing in 2003 the Guidelines were binding on the

ORDER - 1

court, subject to certain limited grounds for departing therefrom.

The brief of the Defendant also contended that this court impermissibly shifted the burden of proof on enhancement issues. The record does not sustain that claim. At sentencing, testimony was introduced by the Government on any disputed issue and the factual background on other matters set forth in the Presentence Report was not disputed by the Defendant. The final Offense Level in this case was a Level 30 and with a Criminal History of Category I, the Sentencing Guideline Range was 97-121 months. The court imposed a prison sentence of 97 months to be followed by 5 years of Supervised Release.

The Presentence Report and the Government's brief set forth the aggravated facts giving rise to the Defendant's plea of guilty to Armed Bank Robbery. The robbery of the Coulee Dam Credit Union in Creston, Washington, a small town, was pre-planned by the then 28 year old Defendant, including the use of a 16 year old male, disguised as a female. The Defendant had previously purchased a "stun" gun that delivered an electrical shock of some 300,000 volts. During the bank robbery of the 58 year old female teller, the sole occupant of the bank, the 16 year old boy, at the specific direction of the Defendant "stunned" the teller on some 20 separate instances leaving obvious physical and emotional manifestations on the teller. In addition, the Defendant instructed the 16 year old to "tape" the teller and the teller's hands, chest, arms, knees, and mouth were taped with duct tape. The robbery resulted in over $21,000 being taken by the Defendant.

In now reflecting on what an appropriate sentence would be utilizing the Guideline Range of 97-121 months as merely a "guide," this court does not operate on a blank slate with regard to discretionary sentences. For the first 9 years of federal bench service (prior to *Mistretta v. United States*, 488 U.S. 361 (1989))this court imposed sentences on some 200 felons each year (including many bank robberies) where the only sentencing constraints were the maximum statutory sentence and no custody minimum sentences were lawful in all but a very few cases. Following the 1989 *Mistretta* decision, this court

ORDER - 2

has continued to be involved in extensive criminal sentencings under the Guidelines. The pre-planned violence involved in this case places this bank robbery at the high end of violence that this court has seen in such cases.

This court has also reflected upon the sentencing factors to be considered by the court in determining an appropriate sentence for this Defendant. While the Defendant has been placed in Criminal History Category I, he is no stranger to the criminal justice system as reflected in the Presentence Report, pages 12-15. His post-sentencing conduct indicates that he has little regard for the rules of an institution or society. The court concludes that even without the post-sentencing misconduct, a new sentencing procedure utilizing the Guidelines as advisory would not result in a sentence materially different from the 97 month sentence imposed, followed by 5 years of Supervised Release. In this reaching this conclusion the court has considered the factors set forth in 18 U.S.C. § 3553(a) and has also considered the advisory Guidelines. In view of the circumstances of this robbery and the violence imposed upon an innocent teller, the substantial sentence of 97 months is appropriate to reflect the seriousness of the offense, promote respect for the law, deter other criminal conduct by this Defendant and others, and provide for just punishment. Such a sentence will also provide ample opportunity for the Defendant to receive correctional, educational, and vocational treatment.

The Clerk of this court shall enter this Order and forward copies to counsel and the Clerk of the United States Court of Appeals for filing under Case No. 03-30469. This file shall then be closed.

**DATED** this 1st day of February 2006.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3